IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHARON K. GRIFFIN PLAINTIFF

v. CIVIL NO. 07-5173

MICHAEL J. ASTRUE, Commissioner
Social Security Administration DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pending before this court is the above action seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying plaintiff's claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

## I. Procedural Background:

In an Order dated September 26, 2008, this court directed plaintiff to file an affidavit indicating her exact current address and her address the date the Complaint was filed on September 28, 2007, by October 2, 2008. (Doc. 8).

By affidavit dated October 2, 2008, plaintiff's counsel stated she had not been able to contact plaintiff but that her records indicated plaintiff gave her a post office box number in Winslow, Arkansas, as her address on April 20, 2007. (Doc. 9). Plaintiff's counsel indicated on August 30, 2007, plaintiff gave her a temporary address in care of her mother in Shawnee, Oklahoma, as she was homeless and was visiting her mother. Plaintiff's counsel indicated on

January 22, 2008, plaintiff indicated her address was changed in care of her mother in Shawnee, Oklahoma.

On October 7, 2008, the court gave plaintiff's counsel until October 21, 2008, to contact her client directly and to file an affidavit indicating plaintiff's exact address the date the Complaint was filed. (Doc. 10). Plaintiff failed to file this affidavit.

On October 28, 2008, this court entered an Order to show cause at to why plaintiff's case should not be dismissed. (Doc. 11).

On November 3, 2008, plaintiff's counsel stated she had not been able to contact her client directly and requested an additional thirty days to file the affidavit. (Doc. 12).

On November 3, 2008, the court granted her request and gave plaintiff until December 3, 2008, to file the affidavit. (Doc. 13).

By affidavit dated December 3, 2008, plaintiff's counsel stated she had been unable to contact plaintiff within the time frame set out by the court. (Doc. 14). This affidavit contains similar information set forth in the affidavit filed on October 2, 2008. However, plaintiff's counsel stated after the first affidavit was filed plaintiff contacted her and gave her a new address in Winslow, Arkansas, along with a new phone number. [1]

**II. <u>Discussion:</u>**

The Act requires a claimant to file an appeal of the administrative determination in the district court in which she resides within sixty days after the mailing to her of notice of the Commissioner's determination. 42 U.S.C.§ 405(g).

---

[1] Plaintiff's counsel does not indicate what day plaintiff called her with her new address or why plaintiff was not asked about her residency at that point in time.



AO72A
(Rev. 8/82)

A review of the record reveals in June of 2006, plaintiff reported to have moved to Shawnee, Oklahoma, to live with her mother to health care professionals at Red Rock Behavioral Health Services and Griffin Memorial Hospital. (Tr. 502, 525, 529, 531). At the hearing before the ALJ on February 20, 2007, both plaintiff and her mother testified, under oath, that plaintiff was living with her mother in Shawnee, Oklahoma, and had done so since sometime during the summer of 2006. (Tr. 553, 563). At this hearing, the ALJ noted the case file indicating plaintiff lived in Winslow had been "lined out" and Shawnee, Oklahoma, had been written in its place. (Tr. 553). On August 30, 2007, approximately one month prior to the filing of the complaint in this court, and again in January of 2008, four months after the complaint had been filed, plaintiff indicated she was residing in Shawnee, Oklahoma with her mother.

**III. Conclusion:**

Based on the above evidence, indicating that plaintiff did not reside in Arkansas when the complaint was filed on September 28, 2007; and because plaintiff's counsel cannot verify that plaintiff resided in Arkansas when she filed her complaint, the undersigned recommends this case be dismissed.[2]

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

---

[2] The undersign notes that while the court could transfer this case to the Western District of Oklahoma, as the record shows plaintiff was most likely living within this district when the complaint was filed, plaintiff's counsel did not verify with plaintiff of her exact address on September 28, 2007, to ensure we would be transferring her case to the correct court. *See* 28 U.S.C. § 1406(a)(allowing district court to transfer case which has been filed in the incorrect district to transfer the case to the district where it could have been brought); 42 U.S.C.§ 405(g).



AO72A
(Rev. 8/82)

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of December 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE



AO72A
(Rev. 8/82)